

**NUMBER 13-17-00499-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHN EDWARD HAGENSICK, **Appellant,**

**v.**

THE STATE OF TEXAS, **Appellee.**

### On appeal from the 36th District Court
### of San Patricio County, Texas.

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria and Hinojosa**
**Memorandum Opinion by Justice Longoria**

Appellant John Hagensick appeals his conviction of burglary of a building, a state-jail felony. *See* TEX. PENAL CODE ANN. § 30.02(a) (West, Westlaw through 2017 1st C.S.). By one issue, he argues that he received ineffective assistance of counsel. We affirm.

## I. BACKGROUND

On December 13, 2015, Officer Bradley Allen Gamble of the Ingleside Police Department received a call from appellant. Appellant at first provided details regarding a burglary that had occurred on Kenny Lane, then later identified himself and admitted to his involvement in the burglary. Appellant also made several anonymous calls to the Ingleside Police Department providing information about the same burglary. After these calls, Officer Ryan Breaux contacted appellant and asked if he would be willing to come to the police department and give an interview. The interview was conducted on December 14, 2015. Despite not being under detention at the time of the interview, appellant was read his *Miranda* rights. According to the officers that spoke with appellant, appellant was coherent and did not appear to be under the influence of drugs or alcohol. During the interview, appellant commented that he was "leaning towards a lawyer right now." When asked if he was willing to waive his rights and talk, he answered yes. During the interview, appellant gave incriminating statements.

Appellant was indicted for burglary of a building on February 7, 2017. *See id.* A jury trial commenced, and appellant was found guilty on June 28, 2017. The jury assessed punishment at twelve months in state jail and a $5,000 fine. This appeal followed.

## II. DISCUSSION

In his sole issue, appellant argues that counsel was ineffective because he did not challenge the voluntariness of appellant's incriminating statements.

**1. Applicable Law**

2

In order to sustain a claim of ineffective assistance of counsel, an appellant must prove two factors: (1) that counsel made errors so serious that counsel was no longer functioning as "counsel" under the Sixth Amendment, and (2) that the errors prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A claim of ineffective assistance of counsel cannot be sustained unless counsel's representation fell below an objective standard if reasonableness. *Id.* at 687–88. Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Ineffective assistance claims are subject to a strong presumption of reasonable trial strategy which an appellant must overcome. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc). A silent record is usually not enough to overcome the presumption of reasonable assistance. *See Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). Because the record is undeveloped and extrinsic evidence cannot be considered, direct appeal is usually an inadequate tool for ineffective assistance of counsel claims. *See Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012). In cases where counsel has not had an opportunity to explain the reasons behind the actions, the challenged conduct must be "so outrageous that no competent attorney would have engaged in it." *Roberts v. State*, 220 S.W.3d 533-34 (Tex. Crim. App. 2007).

In order to satisfy the requirement of proving that the errors prejudiced the defense, an appellant must show a reasonable probability that proceedings would have been different but for counsel's error. *Thompson*, 9 S.W.3d at 812.

The trial court's determination of whether a statement is given voluntarily is reviewed for an abuse of discretion. *See Sosa v. State*, 769 S.W.2d 909, 916 (Tex. Crim.

App. 1989) (en banc).  Under section 38.22 of the Texas Code of Criminal Procedure, a written statement made as the result of a custodial interrogation is not admissible against a defendant unless that statement meets certain criteria.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2 (West, Westlaw through 2017 1st C.S.).  In addition to being informed of his *Miranda* rights, section 38.22 requires that the defendant, "prior to and during the making of the statement, knowingly, intelligently, and voluntarily" waive his rights.  *Id.*; *see Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  "A statement is involuntary . . . only if there was official, coercive conduct of such a nature that any statement obtained thereby was unlikely to have been the product of an essentially free and unconstrained choice by its maker."  *Alvarado v. State*, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995).

**2. Analysis**

Appellant did not move for a new trial due to ineffective assistance of counsel. Because there was not a motion for a new trial, counsel has not had an opportunity to explain any reasoning behind the challenged conduct.  Thus, in order to sustain appellant's challenge, the conduct must be "so outrageous that no competent attorney would have engaged in it."  *See Roberts*, 220 S.W.3d at 533–34.

Appellant claims that failure to challenge the voluntariness of appellant's statements or move to suppress resulted in ineffective assistance of counsel.  Failing to file a motion to suppress is not necessarily ineffective assistance.  *See Yuhl v. State*, 784 S.W.2d 714, 717 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd).  Appellant's earlier calls to the police department and appellant's response to being asked if he was waiving his Fifth Amendment rights indicate that the statements were given voluntarily.  *See Sosa v. State*, 769 S.W.2d 909, 916 (Tex. Crim. App. 1989) (en banc).  *See* TEX. CODE CRIM.

PROC. ANN. art. 38.22, § 2; *Alvarado*, 912 S.W.2d at 211. Thus, it was not outrageous to decide not to challenge the voluntariness of Hagensick's statements. *See Strickland*, 466 U.S. at 687. Likewise, given the record, it was not outrageous to not file a motion to suppress. *See Roberts*, 220 S.W.3d at 533–34; *Yuhl*, 784 S.W.2d at 717. We find that Hagensick's trial counsel was not deficient. *See Strickland*, 466 U.S. at 687.

Because Hagensick has failed on the first *Strickland* prong, we need not address the second prong. *See* TEX. R. APP. P. 47.1. We overrule his sole issue.

### III. CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of July, 2018.